CAMPBELL, Chief Judge.
Appellant appeals the final judgment that denied her the right to collect, as the named beneficiary, on two insurance policies on her husband’s life. The trial court found, pursuant to the prohibitions of section 732.802, Florida Statutes (1987), that appellant was prohibited from collecting as beneficiary of the policies because she had unlawfully and intentionally killed her husband, Donald E. Lynn (Lynn). We affirm.
Appellant raises the question of whether the appellee insurers proved by the greater weight of the evidence that appellant intentionally killed her husband. As a result of the incident that resulted in the death of Lynn, appellant was charged with the crime of second degree murder. The jury convicted her of manslaughter, and that conviction was affirmed on appeal.
The facts surrounding the incident in which Lynn was killed show that during the day preceding his death, Lynn and appellant and other relatives had gone fishing and consumed a great deal of cocaine and alcohol. They continued drinking during the evening, and Lynn eventually passed out in his car at about midnight. When the lounge they had been visiting closed at 3:00 a.m., appellant wakened Lynn and an argument ensued about who was to drive home. Appellant eventually drove home, but upon arriving there, Lynn decided he wanted to go out again for more to drink. Appellant refused to give Lynn the car keys whereupon another argument ensued during which appellant testified Lynn struck her head, knocking her to the floor. Appellant testified that as Lynn approached her with hand raised to hit her again, she found on the coffee table an open knife with a three- and-one-half inch blade. She picked up the knife, raised it and stabbed Lynn once in the chest. Though the knife blade was only three-and-one-half inches long, it struck Lynn with sufficient force to penetrate his chest to a depth of five inches, piercing the bottom tip of his heart and ultimately causing him to bleed to death. Lynn fell backward onto a sofa. Appellant went into a bedroom and called Emergency Medical Service for an ambulance and then passed out while waiting for them to arrive. The medical examiner testified that Lynn had evidence of cocaine in his body and a blood alcohol level of .268, two-and-one-half times the legal limit for driving a motor vehicle. While appellant testified she loved Lynn and did not intend to kill him, she also testified that Lynn became very clumsy when he drank and would easily fall down if he was touched. She testified that on the night of his death, Lynn “was so drunk that he was such a little wimp, you could push him around, push him and he would be okay.” Regardless of this, the evidence shows that instead of pushing him or otherwise trying to stop Lynn’s alleged advances toward her in their home, she picked up a knife and plunged it into his chest, causing him to bleed to death.
Florida Standard Criminal Jury Instruction 3.04(d) states:
The fact that the defendant was wrongfully attacked cannot justify his use of force likely to cause death or great bodily harm if by retreating he could have avoided the need to use that force. However, if the defendant was placed in a position of imminent danger of death or great bodily harm and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.
The supreme court in State v. Bobbitt, 415 So.2d 724 (Fla.1982), held that the privilege not to retreat in your own home does not apply to a situation involving husband and wife who have equal rights to be in the home.
We find that the evidence of the events surrounding the incident causing Lynn’s death is sufficient to support the trial judge’s ruling that the greater weight of the evidence demonstrates that appellant’s acts equate to an intentional killing of her husband.
Affirmed.
SCHEB and HALL, JJ., concur.